IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACY MAURICE BALLEW                                                      PLAINTIFF

v.                                  Case No.: 07-6017

GEORGE W. BUSH, President of the United
States of America, et al.                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Stacy Maurice Ballew ("Plaintiff"), currently an inmate at the Montgomery County Jail, filed this Civil Rights Action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The Complaint was provisionally filed prior to a determination regarding service of process.

**1. BACKGROUND**

Plaintiff brings this action under Section 1983. Through the Complaint and addenda subsequently filed by Plaintiff, Plaintiff brings several claims. Many of Plaintiff's claims appear to arise as claims he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff claims the following: he is being denied socks and underclothing; he is served food by an unsupervised inmate trustee; he is being served food prepared by a church; he is served food that has expired or is out of date; the facility staff uses tobacco products, perhaps in violation of facility policy or regulations; Plaintiff is not allowed any tobacco products; he is placed with other inmates resulting in life threatening situations; the facility supervisor is unsupervised with inmate trustee; the inmate trustee wears "street" or plain clothes in the facility; jailers are using facility resources for other jobs; and he was unable to get a phone number requested from the facility supervisor. Plaintiff also makes what appear to be due process violation claims including allegations

that he is denied access to the courts as he is only allowed to mail two letters per week; that staff have refused to take his complaint or affidavits; and that administration and staff are not doing their job to "official capacity".

As a remedy, Plaintiff seeks to be placed on an "enemy alert list," to have a restraining order against employees/facility staff with drugs in their system, to have his records expunged, for a pardon, a release, for charges to be filed against various Defendants, and for One Billion Dollars in damages.

**2. DISCUSSION**

A. Plaintiffs claims against President of the United States George W. Bush and Governor of the State of Arkansas Mike Beebe

The Supreme Court has recognized "that there are some officials whose special functions require a full exemption from liability" for their performance of official acts. *Id.* at 508. The list of those entitled to absolute immunity from civil liability includes the President of the United States for his official acts, *Nixon v. Fitzgerald,* 457 U.S. 731, 756 (1982); judges in courts of general jurisdiction for judicial acts, *Stump v. Sparkman,* 435 U.S. 349, 359-60, (1978); *Pierson v. Ray,* 386 U.S. 547, 554 (1967); prosecutors for prosecutorial functions, *Imbler v. Pachtman,* 424 U.S. 409, 427 (1976); and certain executive officials performing certain judicial and prosecutorial functions in their official capacities, *Butz v. Economou,* 438 U.S. 478 at 514-15 (1978). Even government officials whose special functions do not require a full exemption from liability may have a more limited qualified immunity for their official acts, *e.g., Procunier v. Navarette,* 434 U.S. 555, 561 (1978) (prison officials); *Wood v. Strickland,* 420 U.S. 308, 321-22 (1975) (school officials); *Scheuer v. Rhodes,* 416 U.S. 232, 247 (1974) (officers of the Executive Branch); *Pierson v. Ray,* 386

U.S. 547, 557 (1967) (police officers making an arrest).

A suit against the Governor in his "official" capacity is a suit against a state official and "another way of pleading an action against an entity of with the officer is an agent." *Kentucky v. Graham*, 87 L.Ed.2d 114, 121 (1985). In other words, the suit is against the state of Arkansas itself. However, the State of Arkansas and its agencies and officials have not consented to be sued in the federal courts. *See, Burk v. Beene*, 948 F.3d 489, 492 (8th Cir. 1991). Moreover, a defendant in an action under Section 1983 must have a personal involvement in the alleged wrongs, and that liability cannot be predicated solely on the operation of *respondeat superior*. *See, Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981).

Plaintiffs claims against President George W. Bush would stem from his role as President and chief executive. Any act or omission of Defendant Bush Plaintiff raises in his Complaint would be precluded by the President's absolute civil liability immunity for his official acts. Likewise, Plaintiff's complaint lacks any allegation that the Governor or Attorney General did (or failed to do) anything that violated any federal statutory or constitutional right of Plaintiff. The liability Plaintiff attempts to connect to the Governor appears to be solely premised on r*espondeat-superior*. Thus, there is no allegation of personal involvement by the Governor, and no Section 1983 liability can attach. Plaintiffs claims against Defendants Bush and Beebe should be **DISMISSED**.

B.  Plaintiffs Claims Against Judges and Prosecutors

Plaintiff names unspecified "Judges" and "Prosecutor's officers" as Defendants in this suit. To the extent Plaintiff attempts to name Judges and Prosecutors, these claims are subject to dismissal as Judges and Prosecutors are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of

damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309©), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of

declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists.  *See Pulliam*, 466 U.S. at 542 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *See Mullis*, 828 F.2d at 1392 (citation omitted).  *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).  *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).   Here Plaintiff had an adequate remedy at law and is not entitled to equitable relief.

Second, Plaintiffs' complaint against unspecified prosecutors is also subject to dismissal. Prosecuting attorneys are immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.   This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled

to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint and addendums, it is clear the defendant prosecuting attorneys are entitled to absolute immunity in this case. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiffs' complaint seeks injunctive relief against the prosecuting attorneys, this is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *See id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975). Plaintiffs claims against unspecified Judges and Prosecutors should be DISMISSED.

### C.  Plaintiffs Claims Against Jailers, DEA, Sheriff Wendall Adams, and Probation and Parole Office

Plaintiff has named unspecified Jailers, presumably of the Montgomery County Jail, as Defendants, along with the DEA, and the Probation and Parole Office. Plaintiffs complaint alleges the Jailers subjected him to cruel and unusual punishment under the Eighth Amendment, and denied him due process. Plaintiff will be given opportunity in the Questionnaire/addendum to specify which Jailers he seeks to sue in this matter. Additionally, Plaintiffs complaint, including the addendums, provide no reference to acts done or omitted by the Probation and Parole office. Plaintiff will have the opportunity to specify what claims, if any, he seeks make against the Probation and Parole office

in the attached addendum. The Court notes, however, that Plaintiff has alleged no facts which indicate that he may have a liberty interest in parole consideration sufficient to invoke due process considerations. The mere possibility of parole release does not create a liberty interest which invokes due process considerations. *See, Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 11 (1979). It has been held uniformly that the statutes of other states do not create an expectation of parole release sufficient to trigger due process procedural protections. *See, e.g., Slocum v. Georgia State Board of Pardons & Paroles,* 678 F.2d 940 (11th Cir.1982); *Williams v. Briscoe,* 641 F.2d 274 (5th Cir.1981). Plaintiff has alleged no statute, regulation, practice or custom which creates a liberty interest in parole consideration. "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision-making must comply with standards that assure error-free determinations." *Greenholtz ,* 442 U.S. at 7. However, Plaintiff will be given the opportunity in the addendum to state what constitutional right has been violated by the Probation and Parole Office.

Plaintiff also seeks to assert a claim against the Drug Enforcement Agency (DEA), naming the agency as a Defendant to this action. Section 1983 claims are unavailable against the named federal defendants in this suit, namely the DEA, due to that section's state action requirement. 42 U.S.C. § 1983. *Schutterle v. United States,* 74 F.3d 846, 848 (8th Cir.1996). However, the Court will construe Plaintiff's DEA claims as a claim under *Bivens*, rather than Section 1983. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens ,* the Supreme Court held that damages may be awarded where federal officers knowingly violate an individual's Fourth Amendment rights, if (1) the individual has no other remedy, and (2) there is no

explicit Congressional declaration that persons injured by a federal officer's violation of the constitution may not recover money damages. In *Davis v. Passman,* 442 U.S. 228 (1979), the Supreme Court recognized a *Bivens* action arising under the Due Process Clause of the Fifth Amendment. Plaintiff will be given the opportunity in the subsequently filed addendum to more specifically state his complaint against Defendant DEA.

Plaintiff has named Mt. Ida Sheriff Wendall Adams as a Defendant in his case. Plaintiff has not specified in his Complaint what acts or omissions he attributes to Sheriff Adams. Plaintiff will be given the opportunity in the subsequently filed addendum to more specifically state his complaint against Defendant Adams.

Plaintiff has also named "all involved" and "all federal and state departments failing to do their jobs after notification of a situations. [sic]" Nothing in Plaintiff's Complaint or addenda states a claim against these various entities. Plaintiff will be given the opportunity to more clearly state these claims, if any, in the subsequently filed addendum.

### 3. CONCLUSION

For the reasons stated, I recommend that Plaintiff's claims Defendants President Bush, Governor Mike Beebe, Judges, and Prosecutors be dismissed on the grounds these individuals are immune from suit or not state actors for purposes of Section 1983 liability. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time). Plaintiffs claims against Defendants Jailers, DEA, and Probation and Parole Office will be discussed further in a subsequently filed order.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to**

file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 26th day of April 2007.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE